**FOX ROTHSCHILD LLP**
(Formed in the Commonwealth of Pennsylvania)
Princeton Pike Corporate Center
997 Lenox Drive, Bldg. 3
Lawrenceville, NJ 08648
Tel: 609-896-3600
Fax: 609-896-1469
Allison M. Berger (AB 8145)
Counsel for Debtors,
Lakeview Subacute Care Center, Inc. and
Grosso Realty Investment and Management, LLC

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>LAKEVIEW SUBACUTE CARE CENTER, INC. *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 04-43311(DHS)<br>(Jointly Administered) |
| LAKEVIEW SUBACUTE CARE CENTER, INC. and GROSSO REALTY INVESTMENT AND MANAGEMENT LLC,<br><br>Plaintiffs,<br><br>v.<br><br>GMAC COMMERCIAL MORTGAGE CORPORATION,<br><br>Defendant. | Adv. Proc. No.: 05- |

**COMPLAINT PURSUANT TO 11 U.S.C. §§ 502 AND 506 TO**
**DETERMINE THE EXTENT OF LIENS HELD BY**
**GMAC COMMERCIAL MORTGAGE COMPANY**

Lakeview Subacute Care Center, Inc. ("Lakeview") and Grosso Realty

Investment and Management, LLC ("Grosso Realty" and, together with Lakeview,

collectively, the "Debtors" or "Plaintiffs") the above captioned debtors and debtors-in-

possession herein, by and through their counsel, Fox Rothschild LLP, and for its

LV1 328688v1 06/09/05

complaint, pursuant to 11 U.S.C. §§ 502 and 506, against GMAC Commercial Mortgage Corporation ("GMAC" or "Defendant") seeks to determine, under 11 U.S.C. §§ 502 and 506, the extent of liens held by the Defendant and avers as follows:

## JURISDICTION AND VENUE

1. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001 and Sections 502 and 506(a) and (d) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(a).

3. This adversary proceeding is a "core" proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O).

4. In the event that any Cause of Action contained in this adversary proceeding is found to be "non-core," the Plaintiffs consent to the entry of final orders and judgments by this Court, pursuant to Federal Rule of Bankruptcy Procedure 7008.

5. Venue in this District is properly laid by virtue of, and in accordance with 28 U.S.C. § 1409.

## THE PARTIES

6. Plaintiffs, Lakeview and Grosso Realty, are the debtors and debtors-in-possession in the above-captioned, jointly administered chapter 11 case.

7. Defendant GMAC is a financial services corporation, with a principal place of business at 605 Dresher Road, PO Box 1015, Horsham, PA 19044-8015.

## PROCEDURAL HISTORY

8. On October 18, 2004 ("Petition Date" ), Lakeview and Grosso Realty each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

9. Lakeview and Grosso Realty are each presently operating their businesses and managing their property as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

10. The Court granted an order authorizing joint administration of the Debtors' cases on or about October 20, 2004 [Docket No. 17].

11. On or about November 3, 2004 an Official Committee of Unsecured Creditors (the "Committee") was appointed pursuant to Bankruptcy Code § 1102.  The Committee selected Wilentz, Goldman and Spitzer, P.A. as its counsel.

12. The Debtors are continuing in possession of their property, and operating and managing their businesses, as debtors in possession under Bankruptcy Code §§ 1107 and 1108.

13. On April 26, 2005, the Bankruptcy Court entered an Order Authorizing Use of Cash Collateral (the "Cash Collateral Order"), pursuant to which Debtors, under certain conditions, were permitted to use cash collateral through August , 2005 [Docket No. 17].

14. Pursuant to the Cash Collateral Order, the Debtors acknowledged the validity and priority of GMAC's liens.

15. On or about November 1, 2004, GMAC filed, through its counsel, Ballard Spahr Andrews & Ingersoll, LLP, that a Proof of Claim [Claim Number 48] (the "GMAC Proof of Claim") allegedly setting forth GMAC's claims against the Debtors.

16. On May 26, 2005, Debtors filed their Objection Of Debtors, Lakeview Subacute Care Center, Inc. And Grosso Realty Investment And Management, LLC, To Proof Of Claim Number 48 Filed On Behalf Of GMAC Commercial Mortgage Corporation [Docket No. 190].

## FACTUAL BACKGROUND

17. Lakeview is a New Jersey corporation that owns and operates a skilled nursing facility (the "Facility") at 130 Terhune Drive, Wayne, New Jersey 07470. The Facility contains 120 beds and is licensed to provide ventilator care, subacute care, and geriatric nursing home care services.

18. Lakeview began as Lakeview Convalescent Center in 1968. Richard Grosso, Sr. ("Grosso Sr.") was hired to oversee the completion of the construction of the Facility. In 1971, the then owners of Facility offered to lease it to Grosso Sr., who leased and operated the facility until 1990.

19. In 1990, Grosso Sr. purchased the Facility, including the real estate on which the Facility was located (collectively, the "Property") from the original owners. The owners agreed to provide purchase money financing for five years. At the maturity of such financing in 1995, the facility was refinanced by NatWest Bank (later succeeded by Fleet National Bank and, most recently by Bank of America). At or around this same time, the name of the Facility was changed to Lakeview Subacute Care Center, Inc.

20. In 1999, Grosso Sr. sought refinancing in the principal amount of $7,500,000 (the "GMAC Loan") from GMAC. In connection therewith, the real property (land, buildings, etc.) was transferred from Grosso, Sr. and his wife to Grosso Realty, and Lakeview continued to own the business operations and personal property related thereto (i.e., licenses, accounts receivable, etc.).

21. Grosso Realty entered into a Loan Agreement ("GMAC Loan Agreement") with GMAC pursuant to which GMAC agreed to lend Grosso Realty up to $7.5 million. Grosso Realty executed a Promissory Note ("GMAC Promissory Note") evidencing its obligations to GMAC.

22. Grosso Realty also granted GMAC a first priority mortgage lien (the "Mortgage Lien") on the Property to secure its obligations to GMAC ("Mortgage", together with the Loan Agreement, Promissory Note and all other security agreements, pledge agreements, mortgages or other encumbrances or agreements which secure the obligations to GMAC, and any other agreement entered into by either or both of the Debtors in favor of GMAC relating to or in connection with Loan Agreement or the obligations to GMAC referred to hereinafter as the "GMAC Loan Documents").

23. Lakeview pledged all of its operating assets, including, without limitation, accounts receivable, machinery, equipment and inventory, and granted a first priority security interest ("Personalty Lien" and, together with the Mortgage Lien, collectively, the "GMAC Liens") to GMAC to secure repayment of Grosso Realty's obligations under the Loan Documents.

24. Pursuant to the GMAC Proof of Claim, GMAC asserts a claim against the Debtors' estates in the total amount $7,734,524.22. The GMAC Proof of Claim consists solely of a Proof of Claim form with an attached "Schedule A to Proof of Claim", which breaks down the alleged claim as follows:

| | | |
|---|---|---:|
| (a) | Principal: | $6,927,502.71 |
| (b) | Interest (through the Petition Date): | 378,867.58 |
| (c) | Default Interest (through the Petition Date): | 167,620.07 |
| (d) | Repayment Premium: | 37,500.00 |
| (e) | Servicer Admin. Fee: | 310.00 |
| (f) | Misc. Account Fees: | 85.00 |
| (g) | Property Protection Advances: | 122,637.97 |
| (h) | Late Charges: | 19,075.35 |
| (i) | Tax Advances: | 66,123.03 |
| (j) | Insurance Advances: | 14,802.51 |
| (k) | TOTAL | $7,734,524.22 |

25. On Schedule A, GMAC also asserts entitlement to continually accruing interest, costs and attorney's fees, presumably based on the GMAC Liens under 11 U.S.C. § 506(b).

### COUNT I
### CAUSE OF ACTION AGAINST GMAC
### PURSUANT TO 11 U.S.C. § 502

26. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 25 of this Complaint as if fully set forth at length herein.

27. GMAC is a creditor of the Debtors within the meaning Bankruptcy Code § 101(10)(A), and holds claims against the Debtors, as that term is defined in Bankruptcy Code § 101(5)(A).

28. GMAC filed the GMAC Proof of Claim asserting secured claims in an amount not less than $7,734,524.22 in the Debtors' bankruptcy case [Claim No. 48].

29. GMAC has failed to produce adequate evidence to support the claim set out in the GMAC Proof of Claim.

30. As set forth above, the Plaintiffs previously filed an Objection to the GMAC Claim [Docket No. 190].

31. Plaintiff respectfully requests that the Court determine the amount of the GMAC claims and modify the claims of GMAC, in whole or in part, as appropriate, to comport with the proofs presented at trial.  The Plaintiffs reserve their right to submit further objections and other pleadings permitted by the Bankruptcy Court or as otherwise appropriate.

32. Pursuant to 11 U.S.C. § 502(b), the Bankruptcy Court is authorized and empowered to determine the amount of the Defendant's claims.

WHEREFORE, Plaintiffs respectfully request that an order be entered:

    (i)    fixing the Defendant's claim pursuant to Bankruptcy Code § 502(b); and

    (ii)    granting such other and further relief as is just and proper.

## COUNT II
## CAUSE OF ACTION AGAINST GMAC
## PURSUANT TO 11 U.S.C. § 506(a) AND (d)

33. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 32 of this Complaint as if fully set forth at length herein.

34. Pursuant to 11 U.S.C. § 506, the Bankruptcy Court is authorized and empowered to determine that an "allowed claim of a creditor secured by a lien on property in which the estate has an interest...is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property...and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim.  Such value shall be determined in light of the purpose of valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use. . .  [and that] to the extent that a lien secures a claim

against the debtor that is not an allowed secured claim, such lien is void." 11 U.S.C. § 506(a) and (d).

35. The actual value of the Property and Facility is less than the outstanding amounts claimed as due and owing under the GMAC Loan as secured by the GMAC Liens.

36. Pursuant to an appraisal of the Property prepared on behalf of the Debtors, the value of the Property is approximately $5,240,000.

WHEREFORE, Plaintiffs respectfully request that an order be entered:

(i) fixing the Defendant's secured claims in accordance with the value of the Property, pursuant to Bankruptcy Code § 506(a);

(ii) avoiding any portion of the liens that are greater than the value of the Property, pursuant to Bankruptcy Code § 506(d); and

(iii) granting such other and further relief as is just and proper.

Dated: July 11, 2005

Respectfully submitted,

FOX ROTHSCHILD LLP
Counsel for Plaintiffs, Lakeview Subacute
Care Center, Inc. and Grosso Realty
Investment and Management LLC

By: __/s/ Allison M. Berger__
Allison M. Berger, Esquire

LV1 328688v1 06/09/05